# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JORGE SOLORZANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09 C 3733 |
| | ) |
| RAILWAY & INDUSTRIAL | ) Wayne R. Andersen |
| SERVICES, INC. | ) District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

Plaintiff Jorge Solorzano filed a complaint on June 22, 2009 against defendant Railway & Industrial Services, Inc. ("Railway") alleging a violation of the Family and Medical Leave Act, 29 U.S.C. §§2601 *et seq.* ("FMLA"). Railway has filed a motion to dismiss the complaint, arguing that plaintiff failed to file his complaint within two years of the alleged violation, as required by 29 U.S.C. §2617(c)(1). Railway also has filed a motion for sanctions pursuant to Rule 11. For the reasons set forth below, the motion to dismiss [10] is granted, and the motion for sanctions [15] is denied.

## BACKGROUND

Plaintiff alleges that he was employed by Railway for over 26 years. He also alleges that in approximately July 2006, he learned that his mother had suffered a stroke. Plaintiff asserts that he telephoned Railway and spoke with Greg Kamacho, whose job it was to receive employee calls regarding work status and scheduling. Plaintiff further alleges that he informed Mr. Kamacho of plaintiff's mother's ailment and the need to return to Mexico to care for her. Plaintiff alleges that Mr. Kamacho responded that plaintiff should do what he needed to do, and

that Mr. Kamacho did not tell plaintiff that he would be penalized or terminated for taking this leave.

Plaintiff alleges that he traveled to Mexico, where he stayed for approximately two weeks. Plaintiff claims that, at some point during those two weeks, he telephoned Railway, but no one answered his call. Plaintiff asserts that, around August 4, he returned to work and was fired, supposedly for job abandonment. Plaintiff alleges that Railway refused to reconsider his dismissal despite being provided with a doctor's note and an explanation of his conversation with Mr. Kamacho.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). This facial plausibility standard is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Under Rule 11 of the Federal Rules of Civil Procedure, monetary sanctions may be awarded against an attorney who violates the requirement (found in Rule 11(b)(2)) that a party's legal contentions and claims be "warranted by existing law." Fed R. Civ. P. 11(b). Sanctions may also be awarded for violation of Rule 11(b)(3), which requires that the "allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed R. Civ. P. 11(c).

DISCUSSION

I.  **Motion to Dismiss**

An FMLA claim must be brought within two years of the last event constituting the alleged violation. 29 U.S.C. §2617(c)(1). According to the facts alleged in the complaint, Railway's last act of retaliatory conduct took place on August 4, 2006. Plaintiff's complaint, which was filed on June 22, 2009, is therefore time-barred.

Plaintiff argues that this court should apply a three year statute of limitations. The FMLA provides a three-year statue of limitations only for willful violations. 29 U.S.C. §2617(c)(2). The standard for willfulness is either a knowing violation of the FMLA or actions taken with reckless disregard. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988); *Artis v. Palos Cmty. Hosp.*, Case No. 02 C 8855, 2004 WL 2125414 (N.D. Ill. September 22, 2004) (applying the *McLaughlin* standard to the FMLA).

Plaintiff's complaint does not specifically allege a willful violation, nor does it allege that Railway either knowingly violated the FMLA or recklessly disregarded its legal obligation. Nor do the facts alleged lead to a reasonable inference of a willful, knowing, or reckless violation. The strongest possible inference from the facts alleged is that Railway was aware of its obligations under FMLA. However, this is not enough to show a willful violation. "[A] standard that merely requires an employer knew that the [FMLA] 'was in the picture' – virtually obliterates any distinction between willful and nonwillful violations." *McLaughlin*, 486 U.S. at 132-33. It is certainly possible that Railway acted unreasonably; however, an unreasonable violation is still not enough to rise to the level of willfulness. *Id.* at 135 n. 13.

Plaintiff relies on *Wilkes v. Potter*, 2006 WL 3087097 (N.D. Ill. October 27, 2006), as precedent for allowing the question of willfulness to go to a jury. The plaintiff in *Wilkes*,

3

however, alleged that the defendant "'maliciously, wrongfully, and *willfully* refused to grant Plaintiff annual leave as requested.'" *Id*. at *6 (emphasis added). In this case, plaintiff has not included any allegation of willfulness whatsoever.

Because the complaint does not allege a willful violation, and the facts alleged do not support an inference that Railway knowingly violated the FMLA or recklessly disregarded it, the two-year statute of limitations in 29 U.S.C. 2617(c)(1) applies. Because plaintiff filed his complaint more than two years after he was discharged, plaintiff's complaint is time-barred, and the motion to dismiss is granted.

## II.     Motion for Sanctions

Railway argues that sanctions are appropriate in this case for two reasons. The first reason is that the complaint is time-barred. Although we have granted railway's motion to dismiss, we do not believe that the filing of the complaint was frivolous. Plaintiff filed his complaint within the three-year statute of limitations for willful violations, as the plaintiff argued (albeit unsuccessfully) in his reply to defendant's motion to dismiss. Just as there is a difference between regular violations of the FMLA and willful ones, so there must be a difference between dismissed complaints and complaints whose frivolous nature require the imposition of Rule 11 sanctions.

Railway's second argument is that plaintiff's complaint lacked the requisite good faith factual and legal basis because the complaint was previously resolved in arbitration in favor of Railway. While a federal court must give great weight to an arbitrator's ruling, "'great weight' is not the same as 'beyond dispute.'" *Darden v. Illinois Bell Telephone Co.*, 797 F.2d 497, 504. To be sure, plaintiff's attorney was fighting an uphill battle, but that is not the same a filing a frivolous complaint. The motion for sanctions is denied.

**CONCLUSION**

Based on the reasons set forth in this court's Memorandum, Opinion and Order, defendant's motion to dismiss [10] is granted, and defendant's motion for Rule 11 sanctions [15] is denied.

_____
Wayne R. Andersen
United States District Judge

Dated: _January 15, 2010_____